**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DEBORAH DONOGHUE,

                Plaintiff,

   -against-

COGNATE BIOSERVICES INC.,

                Defendant,

NORTHWEST BIOTHERAPEUTICS, INC.

                Nominal Defendant.

---

No. 1:15-cv-01492-KPF

ECF CASE

**STIPULATION OF SETTLEMENT**

WHEREAS, Plaintiff, Deborah Donoghue, a shareholder of nominal defendant Northwest Biotherapeutics, Inc. ("Northwest" or the "Company"), brought this action (the "Action") pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), to recover so-called "short-swing" profits alleged to have been realized by Defendant Cognate BioServices, Inc. ("Cognate") in connection with its putative purchases and sales of Northwest securities;

WHEREAS Cognate denies any liability whatsoever and this Stipulation of Settlement ("Stipulation") shall in no event be construed or deemed (either expressly or implicitly) to be evidence of or an admission or concession on the part of Cognate with respect to any portion of any claim, or any fault or liability or wrongdoing or damages of any nature whatsoever, or any deficiency of any kind in any of the defenses that Cognate has or may assert. Plaintiff, Northwest, and Cognate (collectively, the "Parties") wish voluntarily to settle the matter after advice of counsel and negotiation between counsel for the Parties;

WHEREAS, Plaintiff's theory of liability in this Action is based on Cognate's transactions in Northwest securities occurring between January 31, 2014, and December 19, 2014, inclusive (the "16(b) Trading Period");

WHEREAS, Plaintiff asserts that at all times during the 16(b) Trading Period, Cognate beneficially owned, in the aggregate, more than ten percent of Northwest's outstanding common stock within the meaning of Rule 13d-3(b) of the Exchange Act;

WHEREAS, given the risks and uncertainties of the outcome of this Action and any subsequent appeal, the Parties have concluded that it is in the best interests of Northwest and Northwest's shareholders for the Parties to settle this Action on the terms set forth herein (the "Settlement");

WHEREAS, Plaintiff, through her counsel, has conducted an investigation relating to the claims and the underlying events alleged in the Amended Complaint. Plaintiff and her counsel have concluded that they have obtained sufficient information to enter into the settlement contemplated by this Stipulation on a fully informed basis;

WHEREAS, Plaintiff asserts that the potential "profit realized" under Section 16(b) arising from Cognate's transactions in Northwest securities is $1,400,000, subject to offset of sums previously paid (as stated below, in the amount of $448,681); and Plaintiff has shared her discovery and analysis regarding liability and profits with counsel for Northwest and Cognate;

WHEREAS, Cognate believes that it has meritorious defenses to Plaintiff's Section 16(b) claims, and has shared its analysis regarding liability and damages with counsel for the Plaintiff;

WHEREAS, in December 2014, before Plaintiff filed this Action, Cognate compensated Northwest in the amount of $448,681 to resolve what Northwest and Cognate believe to be any alleged profits recoverable to Northwest pursuant to Section 16(b);

WHEREAS, the Parties have engaged in arm's length settlement negotiations among themselves which culminated in an agreement whereby Cognate will pay Northwest $500,000 (less the attorney's fees and expenses, if any, awarded by the Court to Plaintiff's counsel) to

settle this Action in addition to the $448,681 previously provided by Cognate to Northwest in December 2014;

WHEREAS, the Parties' counsel each agree that a settlement of this Action on the terms described herein is fair, reasonable, adequate and in the best interests of Northwest and its shareholders;

WHEREAS, in evaluating the proposed Settlement provided for herein, Plaintiff and her counsel have considered: the substantial benefit being provided to Northwest and its shareholders by the proposed Settlement; the uncertainties of the outcome of this Action, which Plaintiff recognizes turns on the viability of Cognate's defenses to Section 16(b) liability in this Action, as well as the complex and novel issues of valuation of securities raised by the Action (as noted by Plaintiff in the Parties' Civil Case Management Plan submitted to the Court on June 4, 2015) which would need to be determined with respect to the securities implicated; that Plaintiff's theories of liability and damages in this Action are contested by Cognate and Northwest; and that because resolution of the claims in this Action, wherever and however determined, likely would be submitted for appellate review, there would be yet additional time until there would be a final adjudication of the claims and defenses asserted, and additional legal fees, which could reduce the amount of any ultimate recovery (whether on a litigated judgment, if Plaintiff were to prevail, or by settlement) for Northwest and its shareholders; and

WHEREAS, Cognate has agreed to this Stipulation and the Settlement provided herein in order to fully and finally settle and dispose, with prejudice, of all claims that have been or could have been raised in this Action and to avoid the continuing burden, expense, uncertainty, inconvenience and distraction of protracted litigation.

3

IT IS HEREBY STIPULATED AND AGREED, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

1.     After this Stipulation has been executed and by October 20, 2015, the Parties shall jointly move the Court for approval of the Settlement as fair, reasonable, adequate and in the best interests of Northwest and its shareholders, and entry of an Order and Final Judgment, substantially in the form annexed hereto as Exhibit A, which will:

     (a)     Dismiss the Action with prejudice;

     (b)     Find that Plaintiff vigorously prosecuted the claims set forth in the Amended Complaint on behalf of Northwest;

     (c)     Find that the terms of the Settlement are fair, reasonable, adequate and in the best interests of Northwest and its shareholders;

     (d)     Fully and finally release, with prejudice, Cognate and all Released Parties (as defined below) from all claims that were or could have been asserted in the Action and bar Plaintiff, Plaintiff's counsel, Northwest, and any holder of Northwest securities from asserting against Cognate or any Released Parties any Released Claim (as defined below).

2.     The Order and Final Judgment shall become final upon entry, either by expiration of the time for appeal or review of such Order or, if any appeal is filed and not dismissed, after the Order is affirmed on appeal and is no longer subject to review upon appeal or by writ of certiorari or motion for reconsideration.

3.     (a)     On or before the tenth (10th) business day after the Order and Final Judgment approving the Settlement becomes final, Cognate  shall pay to Northwest the amount of five hundred thousand dollars ($500,000.00) less the attorney's fees and expenses, if any, awarded by the Court to Plaintiff's counsel, which amount shall be paid directly to Plaintiff's

counsel. The total settlement amount, including any award of attorney's fees and expenses, shall not exceed $500,000.00

(b)     Entry and Finality of the Order and Final Judgment is a condition precedent to Cognate's obligation to provide the settlement amount to Northwest.

(c)     In the event the Court does not enter the Order and Final Judgment approving the Settlement, or such Order does not become final by December 31, 2016, this Stipulation shall be null and void except as to paragraphs 3(c), 5 and 14, and the Parties shall be returned to their positions *nunc pro tunc* as they existed on the date before the Settlement and without prejudice in any way.

4.     In consideration of the settlement amount, Northwest and Plaintiff on behalf of themselves, their affiliates and any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Northwest or any other security or instrument, the value of which is derived from or related to the value of any Northwest equity security, each release and discharge Cognate, its present, future and former officers, directors, members, employees, agents, attorneys, representatives, advisors, affiliates and associates (as the latter two terms are defined in Rule 12b-2 of the Exchange Act), trustees, parents, principals, subsidiaries, general or limited partners or partnerships, investment advisory clients and brokers, and each of their heirs, executors, administrators, successors and assigns, any person seeking to claim by, through or on behalf of Northwest or Plaintiff, and any purported member of a group within the meaning of Section 16(d)(3) of the Exchange Act (the "Related Parties") (the foregoing, collectively, the "Released Parties") from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown, absolute or contingent, accrued or unaccrued, liquidated or unliquidated, or

otherwise, arising out of or relating to the subject matter of the Amended Complaint, assertions contained in the Amended Complaint in this Action or that could have been asserted in this Action (i) by Plaintiff on behalf of herself or any other person or entity, (ii) by Northwest and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Northwest or any other security or instrument the value of which is derived from or related to the value of any Northwest equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, including for all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to Northwest securities, options to acquire Northwest securities and/or other securities or instruments the value of which is derived from or related to the value of any Northwest equity security, by or before the end of the 16(b) Trading Period, regardless of the theory or basis of liability (the foregoing, collectively, the "Released Claims"). Plaintiff's counsel covenants not to bring any additional claims arising out of or relating to any of the foregoing subject matter, any Released Claims, or that could have been asserted in this Action against Cognate and/or their Related Parties in connection with or relating to Northwest securities, including, without limitation options to acquire Northwest securities or any other derivative security or instrument tied to or related to the value of any Northwest equity security, by or before the end of the 16(b) Trading Period, regardless of the theory or basis of liability.

5.     This Stipulation and all negotiations and papers related to it, and any proceedings in connection with the Settlement, whether or not the Settlement becomes final or is consummated, are not and shall not be construed to be evidence of, or an admission by, any of the Parties respecting the validity or invalidity of any of the claims or defenses asserted by the Parties or of Cognate's or any Released Party's liability or lack thereof with respect to any such

claim or defense or for any damages sought in the Action, or of any wrongdoing or lack of wrongdoing by any or all of them whatsoever, and shall not be offered for admission or received as evidence of any such liability or wrongdoing or damages, or lack thereof.

6.      Plaintiff's counsel will apply to the Court for attorney's fees and expenses in an amount of one hundred twenty-five thousand dollars ($125,000.00), which application Cognate and Northwest have agreed to support. The attorney's fee and expense award was negotiated among counsel for the Parties after the Parties had negotiated the provisions of the Settlement set forth above. Such attorney's fees and expenses as may be awarded by the Court are to be paid by Cognate after the Order and Final Judgment becomes final in accordance with paragraph 3(a) and shall reduce the amount of the settlement payment to Northwest as provided therein, so that, as described in paragraph 3(a), the total settlement amount will equal $375,000.00 from Cognate to Northwest and $125,000.00 from Cognate to Plaintiff's counsel. The Settlement is in no way contingent upon any attorney's fees or expenses being awarded in any amount. Should the award of fees to Plaintiff's counsel be in an amount less than $125,000, the settlement amount owed by Cognate to Northwest shall increase by the amount of such diminution so that, in any event, Cognate shall pay $500,000 in total. In no event shall there be any claim for any amount from any Released Parties other than Cognate.

7.      Plaintiff's counsel and Plaintiff agree and acknowledge that the award of attorney's fees and expenses as described in paragraph 6 is the sole amount to which Plaintiff's counsel is due in connection with the Action or this Stipulation and expressly release and disclaim any right to any additional amount.

8.      The Parties acknowledge and agree that Plaintiff has diligently prosecuted this Action against Cognate within the meaning of Section 16(b) of the Exchange Act.

9.  This Stipulation contains the entire agreement between the Parties concerning the subject matter hereof and no Party is relying upon any representation, promise or assertion not contained herein.  Any plural references in this Agreement shall be deemed to include the singular, and any reference to "including" shall be deemed to mean including without limitation.

10.  This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original of this Stipulation, and all of which, when taken together, shall be deemed to constitute one and the same agreement, *provided* that no Party shall be bound hereby unless and until all Parties shall have executed and delivered this Stipulation, all subject to court approval.

11.  The individuals signing this Stipulation represent that they have the authority to execute this Stipulation, to grant the releases in this Stipulation, and to compromise and settle all their claims and their defenses relating to the Action.

12.  This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto.

13.  The Parties shall use their best efforts to execute such documents and shall take such other reasonable action as is necessary to effectuate this Stipulation as provided for herein.

14.   The Parties submit to the continuing jurisdiction of this Court (a) for all purposes relating to this Action, and (b) any disputes over this Stipulation and its enforcement.

Dated:      New York, New York
            September 23 , 2015

David Lopez
Law Office of David Lopez
171 Edge of Woods Road, P.O. Box 323 Southampton, New York 11968
DavidLopezEsq@aol.com
631.287.5520

*Attorney for Plaintiff Deborah Donoghue*

Miriam Deborah Tauber
Miriam Tauber Law
885 Park Avenue 2A
New York, NY 10075
miriamtauberlaw@gmail.com
323.790.4881

*Attorney for Plaintiff Deborah Donoghue*

Reed Brodsky / JWS
Reed Brodsky
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
RBrodsky@gibsondunn.com
212.351.5334

*Attorneys for Defendant Cognate BioServices, Inc. and Nominal Defendant Northwest Biotherapeutics, Inc.*

9

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DEBORAH DONOGHUE,
                                        Plaintiff,
          -against-

COGNATE BIOSERVICES INC.,

                                        Defendant,

NORTHWEST BIOTHERAPEUTICS, INC.

                                        Nominal Defendant.

No. 1:15-cv-01492-KPF

ECF CASE

**[PROPOSED] ORDER**
**AND FINAL JUDGMENT**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.       The Court has jurisdiction over the subject matter of this action, over the Plaintiff,

over Northwest and over Cognate.

2.       The Court finds that Plaintiff, through her counsel, has vigorously prosecuted the

claims set forth in the Amended Complaint on behalf of Northwest.

3.       The Stipulation (a copy of which is annexed hereto as Exhibit 1) is hereby

approved as fair, reasonable and adequate and in the best interests of Northwest and its

shareholders. The parties are directed to consummate the Settlement in accordance with the

terms and provisions of the Stipulation.

4.       This Order and Final Judgment shall not constitute evidence or an admission by

Cognate or any other person that any transaction giving rise to liability or damages under Section

16(b) occurred, or that any violations of law or acts of other wrongdoing have been committed,

and shall not be deemed to create any inference (either expressly or implicitly) that there is or

was liability of any person therefore. Cognate does not admit, either expressly or implicitly, any

liability whatsoever by reason of any of the matters alleged in the Amended Complaint or

referenced in the Stipulation. Cognate, on the contrary, expressly denies and disputes the existence of any such liability.

5.      The Amended Complaint, each claim for relief therein against Cognate and all claims for violations of Section 16(b) that were asserted in this Action or could have been asserted in any amended complaint against Cognate and Related Parties as defined in paragraph 4 of the Stipulation, are hereby dismissed on the merits, with prejudice and without costs, except as otherwise provided for herein.

6.      Cognate and Related Parties are hereby discharged and released from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown, absolute or contingent, accrued or unaccrued, liquidated or unliquidated, or otherwise, arising out of or relating to the subject matter of the Amended Complaint, assertions contained in the Amended Complaint in this Action or that could have been asserted in this Action: (i) by Plaintiff on behalf of herself or any other person or entity; (ii) by Northwest; and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Northwest or of any other security or instrument, the value of which is derived from or related to the value of any Northwest equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, including for all claims arising out of or relating to any claim under Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to Northwest securities, options to acquire Northwest securities and/or other securities or instruments the value of which is derived from or related to the value of any Northwest equity security, by or before the end of the 16(b) Trading Period, as defined in the Stipulation.

7.     Plaintiff, counsel for Plaintiff, Northwest and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Northwest or of any other security or instrument, the value of which is derived from or related to the value of any Northwest equity security, or any of them, either individually, directly, derivatively, representatively or in any other capacity, are permanently barred and enjoined from instituting or prosecuting this Action or any other action, in this or any other court or tribunal of this or any other jurisdiction, any and all claims, rights, causes of action, suits, matters, demands, transactions, circumstances and issues, known or unknown, absolute or contingent, accrued or unaccrued, liquidated or unliquidated, or otherwise, arising out of or relating to the subject matter of the Amended Complaint, assertions contained in the Amended Complaint in this Action or that could have been asserted in this Action: (i) by Plaintiff on behalf of herself or any other person or entity; (ii) by Northwest; and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) of Northwest or of any other security or instrument, the value of which is derived from or related to the value of any Northwest equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, including for all claims arising out of or relating to any violation of Section 16(b) of the Exchange Act and the rules and regulations promulgated under Section 16 relating to Northwest securities, options to acquire Northwest securities and/or other securities or instruments the value of which is derived from or related to the value of any Northwest equity security, by or before the end of the 16(b) Trading Period, as defined in the Stipulation, regardless of the theory of liability.

8.     Plaintiff's counsel are hereby awarded an attorney's fee (inclusive of reimbursement of costs and disbursements) in the sum of $125,000.00, which sum the Court

finds to be fair and reasonable and which shall be paid to Plaintiff's counsel by Cognate after this Order has become final as set forth in paragraphs 3(a) and 6 of the Stipulation.

9.      Jurisdiction is hereby reserved over all matters relating to the enforcement, administration and performance of the Stipulation.

10.     The Clerk of the Court is directed to enter and docket this Order and Final Judgment in this Action.

Dated:      New York, New York
            September ___, 2015


SO ORDERED:


_____
Hon. Katherine Polk Failla, U.S.D.J.




STIPULATION OF SETTLEMENT(SEPT22).DOCX